**O**

# United States District Court
# Central District of California

NNG, KFT.,

Plaintiff,

v.

AVA ENTERPRISES, INC., d/b/a BOSS AUDIO SYSTEMS,

Defendant.

Case No. 2:14-cv-00220-ODW(AJW)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [30]**

## I. INTRODUCTION

Pending before the Court is Plaintiff NNG, Kft.'s Motion for Leave to File First Amended Complaint. (ECF No. 30.) This is a copyright dispute between NNG and Defendant AVA Enterprises, Inc. ("AVA") over computer software used in navigation devices. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.[1]

## II. FACTUAL BACKGROUND

The Complaint was filed on January 9, 2014. (ECF No. 1.) AVA filed its Answer on March 31, 2014. (ECF No. 15.) The Case Management Scheduling Order was published June 6, 2014, and it established the deadline for amending the pleadings—August 29, 2014. (ECF No. 22.) Throughout November and December

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2014, the parties engaged in numerous discovery disputes. (Mot. at 5.) On January 20, 2015, the parties stipulated to extend the deadline to file expert reports. (ECF No. 28.) On February 3, 2015, NNG filed the instant Motion seeking leave to amend the Complaint. (ECF No. 30.)

In its Motion, NNG concedes that it realized an amended complaint was necessary on July 22, 2014. (Mot. at 3 ["on July 22, 2014, NNG's counsel submitted to [AVA's] counsel its first draft of the proposed first amended complaint"].) NNG explains that AVA initially stipulated to the filing of the first amended complaint, yet "NNG deferred filing because it wanted to wait until it had discovery from Boss Audio to ensure that NNG had sufficient evidence to support its claims[.]" (*Id.* at 3–4.)

## III. LEGAL STANDARD

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 712 (9th Cir. 2001). The decision whether to permit leave to amend rests in the sound discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). In determining whether leave to amend should be granted, at least four factors are considered: (1) undue delay; (2) bad faith or dilatory motive; (3) prejudice to the opposing party; and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

"As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice is the touchstone of the inquiry under rule 15(a)." *Id.* (internal quotation marks omitted); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"). The party opposing the amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–

87 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Forman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (original emphasis).

## IV. DISCUSSION

Since the prejudice to AVA is the "touchstone" in resolving this Motion and AVA bears the burden of proving prejudice, the Court begins the discussion with AVA's Opposition Brief. In its Opposition, AVA argues that "permitting the amendment would substantially prejudice AVA." (ECF No. 34 at 12.) This argument is entirely based on the "looming" case management deadlines in this case. (*Id.*) AVA argues that if the Court granted the Motion, "there is no doubt that the *entire* case schedule would have to shift, which is sufficient on its own to deny the current Motion." (*Id.* [original emphasis].) AVA further argues that "there is no way that either AVA or NNG could complete necessary discovery into seven entirely new claims within the short time remaining before the discovery deadline." (*Id.* at 13.)

These arguments are highly persuasive. NNG waited twenty-two weeks after the amending deadline passed before seeking leave from the Court to file an amended Complaint. The Court was inclined to deny NNG's Motion when it was filed. However, after the parties completed briefing, they then stipulated to move all deadlines in this case to the right. (ECF No. 36.) The parties even stipulated to three more months of discovery. (*Id.*) The Court granted this stipulation on February 25, 2015, thus establishing a new set of deadlines for both parties. (ECF No. 37.) As a result, all of the "looming" deadlines that constituted AVA's entire theory of prejudice are now manageable. The three additional months of discovery, which AVA stipulated to, is more than enough time for AVA to properly defend against the new claims NNG seeks to add to its First Amended Complaint. AVA's stipulation to move all of the deadlines in this case eliminated all prejudice it might suffer from an amended complaint.

/ / /

In granting this Motion, the Court does not endorse NNG's tactical decision to file its Motion twenty-two weeks late. The Court advises both parties that future missed deadlines will carry consequences. In this instance, however, the extreme liberality of the amending rules and AVA's failure to demonstrate any prejudice compel the Court to grant NNG's Motion.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff NNG's Motion for Leave to File First Amended Complaint. (ECF No. 30.) NNG shall file the First Amended Complaint **within 48 hours** of this Order.

**IT IS SO ORDERED.**

March 16, 2015

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**