# Exhibit 1

MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRLaw.com
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

STEPHEN Y. MA (SBN: 214998)
Email: SMa@earlysullivan.com
Early Sullivan Wright Gizer and McRae LLP
6420 Wilshire Boulevard 17th Floor
Los Angeles, California 90048
(323) 301-4660 (Tel.)
(323) 301-4676 (Fax)

*Attorneys for Plaintiff*
*NNG, Kft.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NNG, Kft., a Hungarian corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AVA ENTERPRISES, INC., a California corporation, dba Boss Audio Systems,<br><br>　　　　　Defendant. | Case No.: CV 14-00220-ODW(AJW)<br><br>**DECLARATION OF AARON D. JOHNSON IN SUPPORT OF APPLICATION TO SEAL** |

　　　　I, AARON D. JOHNSON, declare that if called as a witness, I could and would competently testify to the following facts:

　　　　1.　　I am an attorney licensed to practice law in California and before the U.S. District Court for the Central District of California.

　　　　2.　　My law firm, Lewis Roca Rothgerber LLP, is counsel of record for Plaintiff NNG, Kft ("NNG").

　　　　3.　　On May 16, 2015, a Saturday evening, Defendant AVA Enterprises,

1

Inc. ("Boss Audio") produced 13,687 pages of documents in supplemental response to NNG's document requests, served July 1, 2015.

4. All of the documents were designed as "Confidential – Outside Counsel's Eyes Only."

5. On May 18, 2015, NNG emailed Boss Audio objecting to the tardy production of highly relevant documents a mere three business days before scheduled depositions of Boss Audio's employees. Attached hereto as Exhibit A is a true and accurate copy of the email.

6. On May 26, 2015, NNG wrote a letter to Boss Audio regarding Boss Audio's designation of the 13,687 pages of documents as "Confidential – Outside Counsel's Eyes Only" asking Boss Audio to remove the confidential designations. Attached hereto as Exhibit B is a true and accurate copy of the letter.

7. On May 27, 2015, Boss Audio responded to NNG, refusing to remove the designations. Attached hereto as Exhibit C is a true and accurate copy of the letter.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct and that this Declaration was executed on June 8, 2015.

By: /s/ Aaron D. Johnson
Aaron Johnson
adjohnson@lrrlaw.com

# Exhibit A

# Exhibit A

# Zhong, Meng

| | |
|---|---|
| **From:** | Johnson, Aaron |
| **Sent:** | Monday, May 18, 2015 8:31 PM |
| **To:** | Bob.Steinberg@lw.com |
| **Cc:** | Kathy.Yu@lw.com; David.Hazlehurst@lw.com; 'Nathan.Saper@lw.com'; McCue, Michael; Zhong, Meng; Jones, Joy; sma@earlysullivan.com; mkaufman@earlysullivan.com |
| **Subject:** | NNG v. AVA, 14-cv-220 (C.D. Cal.) |

Dear Bob:

We write to object to Defendant's tardy production of 13,000 pages of new documents on Saturday evening, many of which are highly relevant and responsive to our discovery requests served over nine months ago. Based on a very cursory review, many of the documents are emails to and from the individuals we are set to depose this Thursday and Friday, leaving us only 3 business days to review the belated production.

As you know, we have been requesting the emails between Boss Audio and its suppliers and documents regarding the BV9370NV and BV9380NV models since our first document requests were served on July 1, 2014. These were the documents we discussed in our meet and confer calls and in correspondence, and which we were told last fall did not exist. We have been unfairly prejudiced by Boss Audio's delay in producing these clearly responsive documents because we now have much less time – less than three days -- to prepare for the depositions. Although we intend to proceed with the depositions because it was difficult to schedule them, we reserve all of our rights relating to this belated production.

Best regards,
Aaron



**Aaron D. Johnson, Associate**
**Lewis Roca Rothgerber LLP |**
**4300 Bohannon Drive Suite 230 | Menlo Park, California 94025**
**(T) 650.687.8426 | ADJohnson@LRRLaw.com**

# Exhibit B

# Exhibit B



Lewis Roca Rothgerber LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA  94025

**Michael J. McCue**
Admitted in Nevada, California, Virginia and
the District of Columbia
(T) 702.949.8224  (F) 702.949.8363
MMcCue@LRRlaw.com

May 26, 2015

**VIA E-MAIL**

Bob Steinberg
Kathy Yu
Nathan Saper
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071

Re:    <u>NNG, Kft. V. AVA Enterprises, Inc.</u>, Case No. 14-cv-00220-ODW (AJW)

Dear Bob:

We are writing to follow up on our email to you on May 18, 2015, regarding AVA Enterprises' tardy production of documents, and to address AVA Enterprises' improper designation of documents and deposition transcripts as confidential for outside counsel's eyes only.

In our email dated May 18, 2015, we asked for an explanation of AVA Enterprises' tardy production of 13,687 pages of documents on Saturday, May 16, 2015, only a few business days prior to the first of several depositions of AVA Enterprises' witnesses and nearly 9 months after we requested them. You have failed to respond to our email.  Please provide us with an explanation by the close of business on May 27, 2015.

With regard to AVA Enterprises' improper designation of documents, the protective order permits a party to designate information or materials as CONFIDENTIAL  for OUTSIDE COUNSEL'S EYES ONLY if it is "extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party."  Despite the high standard for applying this designation, you have designated ***all*** of the 13,687 pages of documents produced on May 16, 2015, as "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY."  We suspect you did not do any analysis before simply applying the designations across-the-board to all the documents.  For example, many of these documents you designated as CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY are emails ***to NNG***.  *See, e.g.*, AVA00011003-AVA00011020, AVA00011603-AVA00011615, AVA00015183-AVA0015185, AVA0015247-AVA0015264, AVA0015278-AVA0015296, and AVA00015297-AVA00015319. This practice of over-designation has not been limited to document productions. Your initial responses to interrogatories were designated as CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.  In addition, during the depositions of Tina Yang and Ken Johnson on May 22 and 23 respectively, your colleague designated the entirety of both transcripts as CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, including many questions that Ms. Yang and Mr. Johnson did not answer, background information about each of them, background information about AVA Enterprises, and a substantial amount of additional information that clearly does not fall within the scope of protected information.



Bob Steinberg, Kathy Yu, Nathan Saper
May 26, 2015
Page 2

      While we can understand making mistakes in designating documents or portions of transcripts or having some disagreement regarding the proper level of designation for particular information or documents, it is clear that AVA Enterprises has not applied the designation in good faith.  AVA Enterprises' blanket over-designations are sanctionable. *See, e.g.*, *Humphreys v. Regents of Univ. of Cal.*, 2006 WL 3020902, *2 (N.D. Cal. Oct. 23, 2006) (granting plaintiff's motion for sanctions of defendant's over-designation of documents as confidential, noting "rather than individually reviewing the 18,162 pages of emails they produced for confidential information, defendants marked everyone as confidential, effectively shifting the costs of assessing the confidentiality of those documents to plaintiff"); *THK America v. NSK Co.,* 157 F.R.D. 637, 645 (N.D.Ill.1993) (stating that designation of at least 79% of documents containing trade secrets and other research and development information as attorney's eyes only was "absurdly high."); *In re ULLICO Inc. Litig.*, 237 F.R.D. 314, 318-19 (D.D.C. 2006) (ordering defendant to re-designate over-designated documents and pay attorneys' fees for work challenging the designations).

      Pursuant to the procedures set forth under the protective order, this letter constitutes NNG's challenge to the confidentiality designations for AVA00001893-AVA00015580.  NNG requests that you review these documents and remove the confidentiality designations.  If you decide to keep any of the "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" designations, we would like to schedule a time to meet and confer to discuss each designation.  Since AVA Enterprises produced these documents nearly 9 months late, time is of the essence.  Please produce a supplemental production with the appropriate designations by June 1, 2015.

      Sincerely,

      Michael J. McCue
      LEWIS ROCA ROTHGERBER LLP

5906816_1

# Exhibit C

# Exhibit C

**Bob Steinberg**
Direct Dial: (213) 891-8989
bob.steinberg@lw.com

355 South Grand Avenue
Los Angeles, California 90071-1560
Tel: +1.213.485.1234  Fax: +1.213.891.8763
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

May 27, 2015

<u>VIA EMAIL</u>

Michael J. McCue
Lewis Roca Rothgerber LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA 94025
MMcCue@LRRlaw.com

File No. 053908-0002

Re: <u>NNG, Kft. v. AVA Enterprises, Inc.</u>, Case No. 14-cv-00220-ODW (AJW)

Dear Michael:

    We write in response to your letter of May 26, 2015, regarding AVA's further document production on May 16, 2015, and its designation of certain documents and deposition transcripts pursuant to the terms of the Stipulated Protective Order.

    While your letter contends that AVA's production of documents on May 16 was "tardy," consistent with our obligations under the Federal Rules of Civil Procedure, we have worked diligently with our client to search for, identify, and produce responsive documents. Moreover, on April 17 we advised, and on May 7 we reiterated, that we were in the process of identifying and preparing for production additional responsive documents. Consistent with that representation, we produced those documents as soon as we were in a position to do so. NNG can point to no prejudice resulting from this supplemental production. The documents were produced in advance of scheduled depositions, and NNG marked no fewer than 14 documents from this supplemental production at the depositions of Ms. Yang and Mr. Johnson. Indeed, NNG had the documents nearly three weeks prior to the scheduled 30(b)(6) deposition of AVA next week. If NNG believed that it would suffer prejudice by proceeding with the depositions as scheduled, NNG could have requested to continue the depositions. It did not do so.

    Regarding the confidentiality designations of certain documents and deposition transcripts, your demand that AVA de-designate all of the documents within the Bates range AVA00001893-AVA00015580 by June 1 is improper under the Stipulated Protective Order. Under Section 12 of the Stipulated Protective Order, the burden is on the challenging party to "particularly identify the documents or information that the Receiving Party contends should be differently designated, and . . . the grounds for the objection." (Dkt. No. 26 at 13.) With the

LA\4109592

Michael J. McCue
May 27, 2015
Page 2

**LATHAM&WATKINS**LLP

exception of select communications between AVA and NNG,[1] NNG has not "particularly identified" any challenged documents.

As to the substance of NNG's challenge to AVA's designations, the parties contemplated that the "Confidential – Outside Counsel's Eyes Only" designation would be properly used for documents containing and reflecting "trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity." (*Id*. at 9.) The documents contained in the Bates range identified in your May 16 letter fall within these designated subjects. For example, documents within the identified Bates range reflect communications between AVA and its suppliers regarding sales strategy, product development information, and pricing information. As contemplated by the Stipulated Protective Order, we are prepared to meet and confer regarding AVA's confidentiality designations. However, in advance of any meet and confer discussion, NNG must identify the particular documents for which it is challenging AVA's designation, and the bases for those challenges.

Regarding the transcripts of the depositions of Ms. Yang and Mr. Johnson, we intend to proceed under the protocol agreed upon by the parties and set forth in the Stipulated Protective Order. Pursuant to Section 7(d) of the Stipulated Protective Order, AVA stated on the record at the deposition that it intends to designate the transcripts as "Confidential – Outside Counsel's Eyes Only." Upon receiving copies of the final deposition transcripts, we will review and de-designate as appropriate. (*See id*. at 6-7.)

Best regards,

*/s/ Bob Steinberg*

Bob Steinberg
of LATHAM & WATKINS LLP

cc: Aaron Johnson
Kathy Yu
Nathan Saper

---

[1] Because NNG itself designated as "Confidential – Outside Counsel's Eyes Only" certain communications between it and AVA, the basis for NNG's demand that AVA de-designate these documents is unclear. (*See, e.g.*, NNG000367-NNG000369, NNG000387-NNG000389.) AVA is prepared to de-designate emails that constitute communications solely between AVA and NNG, and will provide formal notice of this de-designation, identified by Bates range, by June 1. AVA expects that NNG similarly will de-designate its production, and by the same deadline.

LA\4109592