**O**

# United States District Court
# Central District of California

| | |
|---|---|
| NNG, KFT.,<br><br>           Plaintiff,<br><br>   v.<br><br>AVA ENTERPRISES, INC., d/b/a BOSS AUDIO SYSTEMS,<br><br>           Defendant. | Case No. 2:14-cv-00220-ODW(AJW)<br><br>**ORDER CLARIFYING PREVIOUS RULINGS [90] AND DENYING APPLICATION FOR LEAVE [91]** |

On July 14, 2015, Plaintiff NNG, Kft. ("NNG") filed three *ex parte* applications with the Court. The first sought leave to file a second amended complaint under seal. (ECF No. 73.) The second application sought an expedited hearing for the first application. (ECF No. 74.) NNG's third application sought to extend the discovery deadlines in this case by three months. (ECF No. 75.) NNG argued that it was entitled to relief because Defendant AVA Enterprises, Inc. ("AVA") produced 13,687 pages of documents on May 16, 2015. According to NNG, this less-than-timely discovery production warranted new defendants and new claims. NNG also indicated that it sought to amend its First Amended Complaint to re-raise a theory of liability dismissed by the Court in its July 8, 2015 Order Granting in Part and Denying in Part AVA's Motion to Dismiss. (ECF No. 72.)

/ / /

In deciding whether to grant NNG the requested relief, the Court referenced NNG's conduct thus far in the case. This action was filed on January 9, 2014. (ECF No. 1.) On June 6, 2014, the Court entered the Scheduling and Case Management Order which informed the parties that the last day to amend the pleadings or add parties would be August 28, 2014. (ECF No. 22.) On February 3, 2015, NNG filed a motion for leave to file a first amended complaint. (ECF No. 30.) NNG's motion was filed almost *six months* after the deadline set by the Court. In its Motion, NNG acknowledged that it knew an amended complaint was necessary back in the July 2014. (*Id.* at 3.) There was simply no question that NNG failed to exercise due diligence in requesting leave to file the First Amended Complaint. The only argument in opposition from AVA was that an amended complaint would unfairly move all of the deadlines in the case. (ECF No. 34.) However, one day after briefing was complete on this issue, AVA stipulated to continue the dates in this case. (ECF No. 36.) Since the alleged prejudice was mooted, the Court had no choice but to grant NNG leave. (ECF No. 39.) In granting leave, the Court admonished NNG for its delay in filing the motion and its blatant disregard for the Court's deadlines. (*Id.* at 4.)

Once again, NNG seeks additional leave to introduce more claims and parties. The Court recognizes NNG's gripe with AVA over the 13,687 pages of documents disclosed in May. However, AVA's disclosure does not appear to run afoul of any discovery deadlines in this case, and even if it did, NNG had multiple avenues of relief to compel disclosure or seek sanctions. In light of the disclosure's volume and AVA's less-than-timely discovery tactic, allowing NNG several additional weeks to sift through the materials is fair. Accordingly, the Court granted NNG's request to extend the deadlines in this case. (ECF No. 75.) The Court will not entertain any further extensions from the parties, stipulated or not.

The Court will also not allow NNG to pile on claims and parties this late in the litigation. This case was originally scheduled to go to trial last month and yet the parties are nowhere close to finishing discovery. NNG played a significant role, and


at times the lead role, in delaying this litigation.  It was NNG's reprehensible lack of due diligence that unnecessarily delayed this action in the first place.  NNG already caught a significant break in this case and the parties now need to prepare for trial on the claims currently before the Court.  The Court has wide discretion in managing its docket and it has exercised such discretion here.  *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1086 (9th Cir. 2012).

      The Court hereby clarifies, at NNG's request, that no further amendments to the pleadings are allowed.  Further, NNG's second Application for Leave is **DENIED**.

**IT IS SO ORDERED.**

July 24, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**